UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| JEFF WILLIAMS and | ) | |
| TAWNY WILLIAMS, | ) | |
| | ) | |
| **Plaintiffs** | ) | |
| | ) | |
| v. | ) | No. 3:05cv0426 AS |
| | ) | |
| ROBERT E. STOCHEL, | ) | |
| THOMAS K. HOFFMAN, and | ) | |
| HOFFMAN & STOCHEL, | ) | |
| | ) | |
| **Defendants** | ) | |

*MEMORANDUM, OPINION AND ORDER*

This court heard oral argument by counsel in open court in South Bend, Indiana on June 15, 2006. Such argument was very helpful and enlightening. Necessarily, this court must take this record the way that it is found. Basically the record presents a species of cross motions for summary judgment under Rule 56 of the Federal Rules of Civil Procedure (Fed.R.Civ.P.).

Summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there exists no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c); *Celotex Corp v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Bragg v. Navistar Int'l Trans. Corp.*, 164 F.3d 373 (7th Cir. 1998). *Celotex* addressed the initial burdens of the parties under Rule 56, and *Anderson* addressed the standards under which the record is to be analyzed within the structure of Rule 56.

The initial burden is on the moving party to demonstrate, "with or without supporting affidavits," the absence of a genuine issue of material fact and that judgment as a matter of law should be granted in the moving party's favor. *Celotex*, 477 U.S. at 324 (quoting FED.R.CIV.P. 56); *Larimer v. Dayton Hudson Corp.*, 137 F.3d 497 (7th Cir. 1998). A question of material fact is a question which will be outcome determinative of an issue in the case. The Supreme Court has instructed that the facts material in a specific case shall be determined by the substantive law controlling the given case or issue. *Anderson*, 477 U.S. at 248. Once the moving party has met the initial burden, the opposing party must "go beyond the pleadings" and "designate 'specific facts shows that there is a genuine [material] issue for trial.'" *Id.* The nonmoving party cannot rest on its pleadings, *Weicherding v. Riegel*, 160 F.3d 1139 (7th Cir. 1998); *Waldridge v. American Hoechst Corp.*, 24 F.3d 918 (7th Cir. 1994); nor may that party rely upon conclusory allegations in affidavits. *Smith v. Shawnee Library Sys.*, 60 F.3d 317, 320 (7th Cir. 1995).

During its summary judgment analysis, the court must construe the facts and draw all reasonable inferences in the light most favorable to the nonmoving party. *Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560 (7th Cir. 1996). Furthermore, it is required to analyze summary judgment motions under the standard of proof relevant to the case or issue. *Anderson*, 477 U.S. at 252-55.

When parties file cross motions for summary judgment, each motion must be assessed independently, and denial of one does not necessitate the grant of the other. *M. Snower & Co. v. United States*, 140 F.2d 367, 369 (7th Cir. 1944). Rather, each motion

evidences only that the movant believes it is entitled to judgment as a matter of law on the issues within its motion and that trial is the appropriate course of action if the court disagrees with that assessment. *Miller v. LeSea Broadcasting, Inc.*, 87 F.3d 224, 230 (7th Cir. 1996). Applying the above standard, this Court addresses defendants' motion.

The records starts with a motion for partial summary judgment and memorandum filed by the plaintiffs on December 28, 2005. The defendants filed a motion for summary judgment on March 10, 2006. On that date, there is an affidavit of Robert E. Stochel. As of this time, that affidavit is the only sworn statement that can be considered under Rule 56, Fed.R.Civ.P. Since March 3, 2006, there has been abundant time to respond to the aforesaid motion for summary judgment and affidavit, and no such response has been filed. It is correct that at the hearings able counsel for the plaintiff attempted to launch an attack on that affidavit, but as of this setting, that attack simply comes too late.

Thus, the affidavit of Robert E. Stochel stands before this court without serious contradiction In order to understand this statute en masse, it is helpful to examine the unanimous opinion of the Supreme Court of the United States in *Heintz v. Jenkins*, 514 U.S. 291 (1995) which provides a clear delineation of the legislative purposes of the Fair Debt Collection Practices Act, 15 U.S.C. §1692. After the Supreme Court decision, the case came back to this circuit and resulted in an opinion by Judge Manion in *Jenkins v. Heintz*, 124 F.3d 824 (7th Cir. 1997), with a very strong dissent by Judge Ripple. The different approaches to that case can certainly indicate how close questions under this statute can be and become. However, the precedential value of this circuit's *Jenkins* case

must necessarily be found in the majority which supports the decision here based on the affidavit of Mr. Stochel.

Of some considerable importance to this court now is the decision of this court in *Nance v. Ulferts*, 282 F.Supp. 2d 912 (N.D. Ind. 2003), which was the subject of some discussion during the aforesaid oral argument in South Bend, Indiana. As was indicated there and is correct, the *Nance* decision came on the heels of a landmark decision by the Supreme Court of Indiana in *Livingston v. Fast Cash USA, Inc.*, 753 N.E. 2d 572 (Ind. 2001). *Livingston* is not implicated in this case. There was an extended discussion in *Nance* at page 920 of a so-called bona fide error defense. In *Nance* because of *Livingston* that bona fide error defense does not apply. However, it does here, and the basis of its application is explicated in the sworn affidavit of Robert E. Stochel.

For these reasons, the partial summary judgment sought by the plaintiffs is **DENIED**, and the summary judgment sought by the defendants is **GRANTED** with each party to bear its own costs. The Clerk shall enter judgment accordingly. **IT IS SO ORDERED**.

DATED: June 20, 2006

    S/ ALLEN SHARP
**ALLEN SHARP, JUDGE**
**UNITED STATES DISTRICT COURT**