UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JEFF WILLIAMS and <br> TAWNY WILLIAMS, <br><br> Plaintiffs <br><br> v. <br><br> ROBERT E. STOCHEL, <br> THOMAS K. HOFFMAN, and <br> HOFFMAN & STOCHEL, <br><br> Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) No. 3:05cv0426  AS <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

*MEMORANDUM, OPINION AND ORDER*

This court held a proceeding with counsel in open court in Lafayette, Indiana on September 7, 2006 which was very helpful in getting to the heart of the matter before the court. This court takes full judicial notice of the record in this case, and notes that the court granted summary judgment to these defendants after an earlier oral argument and they want to secure not only costs but attorney fees.

Basically that is easier said than done.  It is also to be noted that there was an offer of judgment under Rule 68, Federal Rules of Civil Procedure for basically $500 a claim. It should be further noted that the statutory maximum for such was $1,000.00.  For starters, Rule 68 has been interpreted by the Supreme Court of the United States in *Delta Airlines, Inc. v. August*, 450 U.S. 346 (1981).  Whether one agrees with the interpretation of Rule 68 by Justice Stevens, it is still the binding law on Rule 68 where applicable.  It appears to be applicable here.

At the outset of the proceedings in Lafayette, Indiana on September 7, 2006, this court cited and discussed *Christiansburg Garment Co. v. Equal Employment Opportunity Commission*, 434 U.S. 410 (1978).  To be sure, the factual and procedural setting of *Christiansburg Garment* is somewhat different than it is here.  This court is not applying *Christiansburg Garment* to this case, but merely citing it as general background.  In the proceedings, counsel for the defendant cited a district court opinion in the U.S. District Court in Chicago by District Judge David H. Coar in *Thomas v. Law Clerk of Simpson and Cybak*, which was decided July 17, 2006.  This court took the trouble to examine *Thomas v. Law Clerk of Simpson and Cybak*, 392 F.3d 914 (7th Cir. 2004) for very important background information with regard to 15 U.S.C. §1692(g)(a).  Neither the district court opinion of Judge Coar nor the en banc opinion of the Court of Appeals at 392 F.3d 914 requires this court to grant the relief requested by these defendants.  It is to be noted that in the en banc decision, Judges Evans, Coffey, Manion and Kanne dissented to illustrate the difficulties involved in this area of litigation.  In the same vein, the court in those proceedings discussed two cases put forth by the defendants, namely *Pigeaud v. McLaren*, 699 F.2d 401 (7th Cir. 1983), and *Horkey v. J.V.B.D. and Associates, Inc.*, 333 F.3d 369 (7th Cir. 2003).  With all deference, neither do either of these cases require the relief requested here by these defendants.

In that proceeding and now, this court must give close attention to the exact language in 15 U.S.C. §1692k(a)(3):

2

> In the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court. On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.

Dealing with the facial language of the statute, it is apparent that the following language must be the focus: "On a finding by the court that an action brought under this section was brought in bad faith and for the purpose of harassment." The court does not understand that these defendants are <u>now</u> trying to argue that this case was <u>brought</u> in bad faith for the purpose of harassment. We are well beyond the considerations of this case being brought. There is an apparent difference between bringing an action in bad faith and being awarded attorney fees after rejecting an offer of judgment made under Rule 68 of the Federal Rules of Civil Procedure. It seems to this court that it would be a stretch to say without more that rejecting an offer under Rule 68 under the circumstances of this case would automatically constitute bad faith. That is a stretch that this court is unwilling to make.

   If the opinion of Justice Stevens in *Delta Airlines* is to be followed in the procedural context of this case, and for the reasons here enunciated, attorney fees cannot be awarded against these plaintiffs. See the comments about the same in *Danese v. City of Roseville*, 757 F.Supp. 827 (E.D. Mich. 1991), n. 4, p. 831. It should be made very clear that this result is not being reached through the *Christiansburg Garment* case. So

3

this court will let stand its order regarding costs made after the grant of summary judgment.

This court has also taken the trouble to examine two other cases cited by the defendant in this circuit, namely *Crawford v. Equifax Payment Services, Inc.*, 201 F.3d 877 (7th Cir. 2000) and *Sanders v. Jackson*, 209 F.3d 998 (7th Cir. 2000).  This court has parallel concerns for those expressed by Judge Easterbrook in *Crawford*, but it must be stated here that Rule 23 of the Federal Rules of Civil Procedure are not implicated.  The same is also true of the factual and procedural setting of *Sanders*.  The message that emanates from Judge Manion's opinion in *Sanders* seems to be that the statute means what it says, and this court is in wholehearted agreement with that approach to this subject.  The factual and procedural setting of *Lentomyynti Oy v. Medivac, Inc.,*, 997 F.2d 364 (7th Cir. 1993) provides the correct reasoning and result here as reflect ed in an elongated quotation on pps. 374-375 as follows:

> The district court did not believe that *Delta Air Lines* prohibited it from awarding the prevailing defendants costs under Rule 68. The district court stated:
> With all deference, this court does not view the majority opinion in *Delta Airlines* [ *Air Lines* ], 450 U.S. at 346 [101 S.Ct. at 1146], as an inhibition upon this court exercising its discretion in this case awarding costs to the prevailing defendants, given that this district judge presided over all proceedings *375 in this case, including a jury trial in which the conduct of counsel was extremely acrimonious at points, including counsel for these plaintiffs... .
>
> Thus, in cases where a defense verdict follows a rejected defense settlement offer, the trial court has discretion to

4

>award Rule 54(d) costs, but it does not have the ability to award Rule 68 costs. *See also Roberts v. Homelite Division of Textron, Inc.,* 117 F.R.D. 637, 639 (N.D. Ind.1987) (Rule 68 "applies only to offers made by the defendant and only to judgments obtained by the plaintiff"). Because the district court erred in awarding Rule 68 costs to the prevailing defendant in this case, the judgment awarding costs is vacated.

*Lentomyynti Oy v. Medivac, Inc*. 997 F.2d 364, 374-375 (7th Cir.1993).

This court understands the realities of the pulls and tugs involved in this particular slice of real-world litigation, and with no disrespect intended to anyone, must now basically leave the parties where they are.   The relief requested by the defendants is now most respectfully **DENIED**.  **IT IS SO ORDERED**.

   **DATED:**  September 12, 2006

                              S/ ALLEN SHARP
          **ALLEN SHARP, JUDGE**
          **UNITED STATES DISTRICT COURT**